# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL DARNELL YATES, | ) | CASE NO. 5:19-cv-1504 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| CITY OF BARBERTON, OHIO, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Samuel Darnell Yates ("Yates") brings this action against the City of Barberton, Ohio, the Summit County Board of Education, and the Barberton Fire Department (collectively, "defendants"). (Doc. No. 1 ("Compl.").) Yates moves to proceed with this action *in forma pauperis* (Doc. No. 2), and that motion is granted.

For the reasons that follow, this case is dismissed.

**I.     Background**

Yates states that the basis for the Court's subject matter jurisdiction in this case is 28 U.S.C. § 1331 and identifies the federal statute at issue as National Fire Protection Association ("NFPA") Life Safety Code 101, Safety Code Section 7.2.1.5.1. (Compl. at 3[1]; *see also* Doc. No. 1-1 at 8.) The claims in this case arise from events that occurred during Yates' freshman year at Barberton High School in 1988-89. (Doc. No. 1-1 at 6.) Yates states that he was a talented musical student and football player with a promising NFL career ahead of him. According to the complaint, Yates

---

[1] Page number references are to the page identification numbers generated by the Court's electronic filing system.

opened a classroom window to let fresh air in and sat out on the window ledge. Students yelled at him to jump, so he did. He landed on his feet, then "fell backwards into the window hole of the high school that outlined its landscaping." When he attempted to get out of the hole, his "back just snapped[,]" leaving him with two broken collar bones and scoliosis of the spine. As a result, Yates could not play football or the trumpet, ending a promising future. (*Id*. at 7.) Yates alleges violations of certain sections from the International Building Code, International Fire Code, and NFPA regarding egress from exterior doors. (*Id*. at 8.) Yates seeks $481,000,000.00 in relief. (Compl. at 4.)

## II. Discussion

### A. Standard of Review

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). That said, the Court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**B. Analysis**

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Generally speaking, the Constitution and Congress have given federal courts authority over a case only when the action raises a federal question or when diversity of citizenship exists between the parties. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.").

### *The Court lacks federal question jurisdiction*

The first type of federal jurisdiction relies upon the presence of a federal question. *See* 28 U.S.C. § 1331. Federal question jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983). In determining whether a claim arises under federal law, the Court looks to the well-pleaded allegations of the complaint. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (quotation marks and citation omitted). Although the well-pleaded complaint rule focuses on what a plaintiff alleges, it allows the Court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008).

Liberally construing the complaint, it appears that Yates is alleging the defendants violated certain NFPA and industry standards and those violation resulted in his injuries. But there are no

allegations from which this Court may infer that those standards have been adopted by Congress or promulgated by any federal agency or department such that they have the force of federal law. *See Quadrant EPP USA, Inc. v. Menasha Corp.*, No. 06-356, 2010 WL 3855549, at *12 (E.D. Pa. Sept. 30, 2010) (finding that alleged failure to comply with NFPA 654 did not violate the general duty clause of the Occupational Safety and Health Act because NFPA has not been adopted by Congress of the Secretary of Labor as a standard for OSHA enforcement and, therefore, does not have the force of law), *aff'd,* 445 F. App'x 589 (3d Cir. 2011); *see also Getty Petroleum Mktg., Inc. v. Capital Terminal Co.*, 391 F.3d 312, 327 (1st Cir. 2004) ("Many building, fire, electric, and other safety codes with the force of law were originally developed as industry standards by private nongovernmental entities and then adopted into law. Such privately-developed codes can be adopted into law in two different ways: directly or by reference.") (collecting cases).

Even with the benefit of liberal construction, Yates has not alleged a federal question and none is apparent to the Court from the face of the complaint.[2] Thus, the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[2] Even if Yates did allege a violation of federal law and brought this action pursuant to 42 U.S.C. § 1983, Yates' claim concerning events that occurred thirty years ago would be dismissed as time-barred by the two-year limitations period for bringing such an action. *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (two-year statute of limitations for actions for bodily injury "is the appropriate statute of limitations for actions arising in Ohio under 42 U.S.C. § 1983") (citing Ohio Rev. Code § 2305.10); *see also Hrynczyn v. Mitchell*, No. 4:07 CV 3833, 2008 WL 649176, at *2 (N.D. Ohio Mar. 10, 2008) (dismissing as time-barred action filed six years beyond the two-year limitations period for bringing § 1983 claims) (citing *Fraley v. Ohio Gallia Cty,* No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two-year statute of limitations for bringing such an action had expired)).

.

### *The Court lacks diversity jurisdiction*

The second type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between citizens of different States. 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must show that he is a citizen of one state and all of the defendants are citizens of other states. In the absence of federal questions jurisdiction and to the extent that Yates is attempting to allege a state law violation, the only basis upon which the Court may exercise subject matter jurisdiction over such claims is pursuant to diversity jurisdiction. There are, however, no allegations in the complaint from which this Court may infer the existence of diversity jurisdiction, and this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

There being no claim in the complaint over which the Court may exercise subject matter jurisdiction, the Court lacks authority over this matter. Accordingly, this action is dismissed pursuant to Fed. R. Civ. P. 12(h)(3). *See Carlock v. Williams*, 182 F.3d 916 (Table) (6th Cir. June 22, 1999) (when the face of the complaint provides no basis for federal jurisdiction, the action may be dismissed as frivolous and for lack of subject matter jurisdiction) (citing *Michigan Sav. & Loan League v. Francis*, 683 F.2d 957, 960 (6th Cir. 1982)).

## III. Conclusion

For all the foregoing reasons, this case is dismissed. Yates' motion to proceed *in forma pauperis* is granted (Doc. No. 2). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 9, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**